FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASHLEY B., | NO: 2:18-CV-34-RMP |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART COMMISSIONER'S MOTION FOR RECONSIDERATION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT is a motion for reconsideration by the Commissioner of Social Security (the "Commissioner"), ECF No. 24, of the Court's March 15, 2019 order granting Plaintiff Ashley B.'s[1] motion for Equal Access to Justice Act ("EAJA") fees. *See also* ECF No. 23. The Court has reviewed the Commissioner's motion, the record, and is fully informed. The Court finds that the Commissioner's

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial only.

ORDER GRANTING IN PART AND DENYING IN PART COMMISSIONER'S MOTION FOR RECONSIDERATION ~ 1

motion for reconsideration is well taken, as the Court inadvertently decided

Plaintiff's motion for EAJA fees before the Commissioner's full opportunity to

respond pursuant to LCivR 7 had expired.[2]  However, the Court does not find that

the Commissioner's position in the underlying Social Security benefits appeal was

"substantially justified," and, therefore, leaves the order awarding EAJA fees to

Plaintiff's counsel intact.

     The EAJA mandates that a court "award to a prevailing party . . . fees and

other expenses . . . incurred by that party in any civil action . . . including

proceedings for judicial review of agency action, brought by or against the United

States in any court having jurisdiction of that action."  28 U.S.C. § 2412(d)(1)(A).

To be a "prevailing party" the party must prove that the action "resulted in a

'material alteration of the legal relationship of the parties' and that the alteration was

'judicially sanctioned.'"  *Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007) (quoting

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532

U.S. 598, 604–05 (2001)).  "[W]hen remand is based on a legal defect in the

_____

[2] Plaintiff filed her EAJA fees motion on March 7, 2019, noted her motion for

hearing on March 11, 2019, and the Court issued its EAJA fees order on March 15,

2019.  ECF Nos. 22 and 23.  According to LCivR 7(c)(2)(B), the Commissioner's

response was not due until March 21, 2019.

ORDER GRANTING IN PART AND DENYING IN PART COMMISSIONER'S
MOTION FOR RECONSIDERATION ~ 2

agency's decision, the remand order can be sufficient to confer prevailing party status." *Wood v. Burwell*, 837 F.3d 969, 974 (9th Cir. 2016). A fee award is inappropriate if "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Commissioner has the burden of demonstrating that the agency's position is substantially justified. *Flores v. Shalala*, 49 F.3d 562, 569−70 (9th Cir. 1995). The test focuses on whether a "'reasonable person could think'" that the agency's position on the issue on which the claimant earned remand was correct. *Herron v. Astrue*, No. 07-623 HG-BMK, 2012 U.S. Dist. LEXIS 75480, at *13 (D. Haw. May 31, 2012) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988)).

The Court adopted the Report and Recommendation of United States Magistrate Judge Mary K. Dimke to grant Plaintiff's summary judgment motion, deny the Commissioner's summary judgment motion, and remand the case for further administrative proceedings. ECF Nos. 17 and 20. In adopting Judge Dimke's Report and Recommendation, the Court overruled the Commissioner's objection that the administrative law judge ("ALJ") had permissibly neglected to incorporate a psychologist's opinion that Plaintiff requires "tolerant and supportive supervisors and coworkers" into Plaintiff's residual functional capacity ("RFC"), or into a question to the vocational expert. ECF No. 19 at 2−3; *see also* ECF No. 20 at

2.  The Court agreed with Judge Dimke that the psychologist's opinion, which the ALJ had otherwise credited, was expressed as a functional limitation and could not be disregarded in formulating the RFC.  ECF No. 20 at 2−3.

The ALJ must include in the RFC determination, and must incorporate into the hypothetical scenario posed to the vocational expert, any functional limitation that is supported by substantial evidence.  *See Ryan v. Comm'r*, 528 F.3d 1194, 1199−1202 (9th Cir. 2008); *see also Carroll v. Colvin*, No. 3:15-CV-5526-DWC, 2016 U.S. Dist. LEXIS 73488 at * 9 (W.D. Wash. June 6, 2016) (finding that an opinion that "Plaintiff had difficulty in her ability to sustain a daily and weekly work schedule without interruption from her psychological symptoms is precisely the sort of concrete, vocationally-relevant functional restriction an ALJ should consider when formulating an RFC and propounding hypotheticals to a vocational expert.").

Therefore, the Court does not find that the Commissioner's position had "a reasonable basis both in law and fact."  *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017) (internal quotation omitted).

Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's Motion for Reconsideration of the Court's Order Granting Attorney Fees, **ECF No. 24**, is **GRANTED IN PART** with respect to revisiting the Court's analysis of Plaintiff's motion for EAJA fees, ECF No. 22, and **DENIED IN PART** with respect to revoking the award of EAJA fees.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** April 22, 2019.

_____s/ Rosanna Malouf Peterson_____
ROSANNA MALOUF PETERSON
United States District Judge